IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JENNIFER TABLER                                                                         PLAINTIFF

v.                                  CIVIL NO. 12-2221

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 10. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, and pursuant to said authority, the Court issues this Order. ECF No. 3.

On December 17, 2013, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4, 896.00, representing a total of 27.20 attorney hours for work performed in 2012 and 2013 at a rate of $180.00 per hour and $350.00 in reimbursement for the filing fee. ECF No. 10. On December 19, 2013, the Defendant filed a response objecting to a number of the attorney hours for which Plaintiff seeks reimbursement. ECF No. 18. Plaintiff filed a reply on March 11, 2014, conceding the Defendant's arguments, and amending her EAJA motion to request $4, 212.00 in EAJA compensation representing a total of 23.40 attorney hours at an hourly rate of $180.00. ECF No. 15.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified", the hourly rate requested for attorney hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).  Accordingly,  Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4, 212.00.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff.  However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406*,* in order to prevent double recovery by counsel for the Plaintiff.

AO72A
(Rev. 8/82)

IV.    **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4, 212.00** pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 12th day of March 2014.

                                    /s/ *J. Marschewski*
                                HON. JAMES R. MARSCHEWSKI
                                CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)